**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                  Criminal No. 06-16  MJD/AJB

         Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

(1)      JORGE ORTIZ PINEDA,
(2)      LUCIO GARDUNO GARCIA,

         Defendant.

W. Anders Folk, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

James Brian Sheehy, Esq., for defendant Jorge Ortiz Pineda; and

Kevin M. O'Brien, Esq., for the defendant Lucio Garduno Garcia.

        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on February 13, 2006, at the U.S. Courthouse, 300 South Fourth St., Minneapolis, MN 55415.  The Court issued separate Orders on Motions dated February 14, 2006, reserving motions to suppress search and seizure evidence and motions for severance for submission to the District Court on report and recommendation.

        Based upon the file and documents contained therein, along with an exhibit received at hearing, the Magistrate Judge makes the following:

**Findings**

        On December 22, 2005, Ramsey County District Court Judge Elena Ostby issued a

warrant to search a particularly described location in St. Paul, Minnesota, identified as an apartment having a specified number on the front of the building and a specified number on the front door to the apartment. The warrant further authorized a search of the person of a Hispanic male using the name Luces. (Hearing Exh. No. 1). The location is identified in the supporting affidavit as the residence of the person called Luces. The search warrant identified the objects of the warrant as controlled substances, including cocaine, crack cocaine, marijuana, methamphetamine, and heroin; narcotics paraphernalia; items and documents evidencing constructive possession; instrumentalities used in the sale of controlled substances; and money and distribution records. The warrant authorized nighttime unannounced entry, and was issued on the basis of probable cause contained in the Affidavit of Drug Task Force Agent Douglas Schmidtke, consisting primarily of confidential reliable informant information. The CRI indicated that a drug transaction involving three Guatemalan males would be taking place at the apartment on December 22, 2005, and that one or more participants in the transaction would be in possession of a handgun.

The CRI was present in the apartment before and during execution of the warrant. Pursuant to prior arrangements, the CRI called an agent from the apartment and advised him that there were drugs in the residence. A group of 13 law enforcement officers and agents were already assembled in the area to execute the warrant. Upon receiving the CRI's message, unannounced entry was made into unit #13, the subject apartment. Defendants Pineda and Garcia were present in the residence, along with the CRI. A block of cocaine which had been cut open was in plain view on the kitchen table within a few feet of the defendants. The defendants were immediately secured, searched, placed in handcuffs, and made to lie on the floor. During the person searches a loaded handgun was

discovered in Mr. Pineda's waistband. A billfold and documents were seized from Mr. Garcia's person. Meanwhile, the CRI was debriefed, and he identified Garcia as the person known to him as Luces, the resident of unit #13. Unit #13 contained furniture, clothing, a mattress, toiletry items and generally appeared to be a lived-in apartment. The CRI further advised agents that he had observed the person he described as the guy in the Dallas Cowboys coat, Mr. Pineda, taking blocks of drugs out from under his coat

While the search of unit #13 was conducted officers checked the hallway area outside the apartment and noticed that the door to a unit down the hall, #15, was partially open, and the apartment appeared to be vacant. Officers were concerned that additional armed persons might be on the floor, and they therefore entered unit #15 to conduct a cursory safety sweep. Though $5000 in cash was found on a shelf in a bedroom closet, apartment #15 was otherwise empty, no individuals were discovered in the unit, and there was no evidence of permanent occupancy.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Severance.** Severance of counts and defendants is not required in this matter. Defendant Lucio Garduno Garcia has made no particularized presentation to the Court in support of his motion for severance of counts and/or defendants, either in initial motions or in post-hearing argument. Defendant Jorge Ortiz Pineda contends that the defendants have irreconcilable defenses because each defendant will be placing the blame on the other, and that he will be prejudiced by evidence relating the co-defendant. Fed. R. Crim. P. 8(a) permits joinder of offenses in the same indictment if the offenses are of the same or similar character or are based on the same act or transaction or are based on acts

connected together or constituting parts of a common scheme or plan.  The propriety of joinder under Rule 8(a) is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. United States v. Rodgers, 732 F.2d 625, 628-29 (8th Cir. 1984).  Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder.  Id. at 629.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b).  There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993).  Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together.  United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991)(cert. denied 502 U.S. 813 (1991)).

The co-defendants in this matter have been indicted for conspiring with one another to distribute cocaine.  Under these circumstances, the general rule in the Federal system is that the co-conspirators should be tried together.  The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14.  A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

In their respective motions each of the moving defendants broadly asserts that evidentiary prejudice and difficulty in distinguishing the acts of each defendant would result from joined

trial.  In addition, improper joinder of defendants under Fed. R. Civ. P. 8(a) and 8(b); the possible receipt of otherwise inadmissible evidence; and possible jury confusion have been generally alleged.  The present record in this case, including testimony produced at hearing, offers no obvious indication as to how any specific defendant is prejudiced by joinder with other defendants in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases.  It is not unusual for a defendant in a conspiracy case to seek to shift the blame to one or more co-defendants.  Such finger pointing does not by itself constitute grounds for severance, either as a result of irreconcilable defenses or the prejudicial effect of evidentiary spillover.  United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995).  Furthermore, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to other defendants, and severance is not required on that ground.

       The counts and defendants in this case were properly joined under Rule 8 and there is no basis for severance.  Decision on a Rule 14 motion for severance lies within the sound discretion of the trial court.  United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994).  Rule 14 severance is a remedy for prejudice that may develop during trial.  Id. at 861.  Joinder of defendants in this case was not improper and severance is not required in light of the current record.  See: United States v. Wadena, 152 F.3d 831 (8th Cir. 1998).

       **Search Warrant.**  Evidence seized pursuant to a warrant to search a particular location in St. Paul, Minnesota, identified as a apartment having a specified number on the front of the building and a specified number on the front door to the apartment, and further authorizing a search of the person of a Hispanic male using the name Luces  (Hearing Exh. No. 1), was not unlawfully obtained

in violation of the constitutional rights of either defendant Jorge Ortiz Pineda or defendant Lucio Garduno Garcia.  The residence search warrant was issued on December 22, 2005, and was based upon sufficient probable cause as stated in the Affidavit of Drug Task Force Agent Douglas Schmidtke and as determined by Ramsey County District Court Judge Elena Ostby.  Probable cause is established on the basis of the CRI's report that Luces and others were recently observed possessing and using methamphetamine at the residence; the CRI was aware of several persons that purchase methamphetamine from Luces; the CRI had overheard Luces talking about a drug transaction to take place on December 22, 2005, and was able to provide details of the anticipated transaction; and the CRI had observed a handgun in the apartment.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The warrant also stated sufficient basis for unannounced entry based upon the likelihood that guns would be present in the apartment.  The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Person Searches and Arrests.**  Defendants Jorge Ortiz Pineda and Lucio Garduno Garcia were lawfully arrested on the basis of evidence lawfully obtained upon execution of the warrant to search the apartment in which they were present at the time of execution.  The arrests were not the fruit of an unlawfully issued or unlawfully executed search warrant.  The search of the person of defendant Lucio Garduno Garcia was lawful pursuant to the search warrant and was further permissible as a search incident to his arrest.   The search of the person of defendant Jorge Ortiz Pineda was permissible as a search incident to his arrest.

**Warrantless Search.**  Defendants in this matter were not residents or guests of

residents of apartment #15.  In addition, defendant Garcia has not shown that he had any possessory interest in the apartment, that he had made any effort to secure the unit, or that he had a key or otherwise sought to maintain privacy in the empty residence.  See United States v. Mendoza, 281 F.3d 712, 715 (8th Cir. 2002).  He has not shown that he had any personal expectation of privacy in the apartment and defendant Garcia therefore lacks standing to object to entry into the unit or the seizure of evidence from the apartment.   Moreover, the unit was lawfully entered for purposes of ensuring the safety of officers under circumstances in which a firearm had already been seized, the unit appeared vacant and the door had been left open, and agents had a objective reason to believe that other individuals, perhaps armed, might be present in the immediate vicinity of the apartment that was subject to the search warrant.  Suppression of evidence obtained in the sweep search of unit #15 is not required.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Jorge Ortiz Pineda's Motion for Severance of Defendants be **denied** [Docket No. 22];

2. Defendant Pineda's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 25];

3. Defendant Lucio Garduno Garcia's Motion for Severance be **denied**   [Docket No. 39]; and

    4. Defendant Garcia's Motion for Suppression of Evidence from Search and Seizure be **denied** [Docket No. 42].

Dated:  February 28, 2006

                s/ Arthur J. Boylan
                Arthur J. Boylan
                United States Magistrate Judge

    Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 14, 2006.

    Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.